IN THE COURT OF APPEALS OF TENNESSEE,
AT JACKSON

FILED

July 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| THOMSON AND THOMSON and CONSTRUCTION PRODUCTS, INC. | ) | Gibson County Chancery Court |
| | ) | No. H 3837 |
| Plaintiffs/Appellants. | ) | |
| | ) | C.A. No. 02A01-9807-CH-00188 |
| VS. | ) | |
| | ) | HON. GEORGE R. ELLIS, |
| RUSS BURCZAK, d/b/a BURCZAK PAVEMENT, | ) | CHANCELLOR |
| | ) | |
| | ) | **AFFIRMED AND REMANDED** |
| Defendant/Appellee. | ) | |
| | ) | OPINION FILED: |

**Jesse H. Ford, III,** FORD & MAYO, Jackson, Tennessee, for Plaintiffs/Appellants.

**L. L. Harrell, Jr.,** HARRELL & HARRELL, Trenton, Tennessee for Defendant/Appellee.

---

### MEMORANDUM OPINION[1]

---

**Farmer, J.**

In this action filed against Defendant Russ Burczak for amounts due under accounts maintained by the Plaintiffs, the trial court awarded $2,227.07 to Plaintiff Thomson and Thomson ("Thomson") and $2,734.00 to Plaintiff Construction Products, Inc. ("CPI"). Thomson and CPI appeal the amount of the judgments, arguing that the trial court erred with respect to its calculation of the amount of credit that Mr. Burczak should have received for subcontracting work that he performed for Thomson. Because the evidence does not preponderate against this calculation, we affirm the ruling of the trial court.

Mr. Burczak is a paving contractor. In 1991, he began purchasing materials such as asphalt, gravel, slag, sealer, and paint from Thomson. Initially, Mr. Burczak either paid for the

---

[1]**Rule 10 (Court of Appeals). Memorandum Opinion. -- (b)** The court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1

materials at the time of purchase or settled his account on a weekly basis. Eventually, however, Mr. Burczak maintained an "open account" with Thomson. In 1995, Mr. Burczak began working as a subcontractor for Thomson. The parties did not enter into a written agreement regarding this subcontracting arrangement. Instead of making payments directly to Mr. Burczak for the subcontracting work that he performed, Thomson credited his account.

A dispute subsequently arose regarding the balance of Mr. Burczak's account. Consequently, Thomson filed a complaint against Mr. Burczak seeking $25,822.04 in damages. CPI subsequently filed an amended complaint seeking $2,734.70 in damages. Mr. Burczak then filed an answer and counter-complaint seeking damages equal to the amount by which the value of the subcontracting work that he performed exceeded the value of the materials that he received from Thomson. By consent, the trial court entered an order consolidating the claims of Thomson and CPI for trial.[2]

At trial, Thomson produced invoices indicating that, after receiving a $13,235.76 credit for the performance of subcontracting work, the balance of Mr. Burczak's account was $25,822.04.[3] CPI produced additional invoices totaling $2,734.75.[4] Finally, Mr. Burczak produced invoices listing a total of $47,020.00 in charges for the subcontracting work that he performed. At the conclusion of the trial, the court found that Mr. Burczak owes $32,354.95 to Thomson and $2,734.70 to CPI for materials that he purchased from these companies. Additionally, the court found that Thomson owes $30,127.88 to Mr. Burczak for the subcontracting work that he performed. Consistent with this ruling, the trial court entered an order awarding $2,227.07 to Thomson and $2,734.00 to CPI.

On appeal, the parties concede that Mr. Burczak was entitled to a credit equal to the

---

[2]Although they are separate entities, Thomson and CPI are owned by the same persons and operate under the same roof.

[3]Most of the invoices were accompanied by shipping tickets bearing the signature of Mr. Burczak or one of his employees.

[4]During closing arguments, counsel for Mr. Burczak stated that the CPI charges are not in dispute.

reasonable value of the subcontracting work that he performed for Thomson. With respect to this credit, the court stated as follows:

> Both parties agree that Thomson and Thomson owe Burczak Pavements for the work that was done. Absent a contract to the contrary, an individual is entitled to set his own price for work that he performs. The proof showed that Matt Thomson allowed that the payments should be $13,235.76, but he had no documentation of the same, except Exhibit 5. Russ Burczak explained each job and why in some cases it turned out to be more than was expected.
>
> The Court, therefore, finds that an equitable settlement of the disputed amount is $30,127.88.

The trial court's comment that "[a]bsent a contract to the contrary, an individual is entitled to set his own price for work that he performs" is technically correct. We note, however, that although the individual may be entitled to set his own price, he is not necessarily entitled to recover this amount as damages in a subsequent action for failure to pay for services rendered. Rather, he must prove that this price is equal to the reasonable value of the work that he performed. In the instant case, Mr. Burczak testified that the amounts that he charged Thomson for the subcontracting work were fair and reasonable for the services that he rendered. The reasonable value of Mr. Burczak's services is a question of fact requiring the trial court to evaluate the credibility of witnesses. The trial court observed the manner and demeanor of the witnesses and thus was in the best position to evaluate their credibility. Under Tennessee law, the findings of a trial court regarding issues involving witness credibility are entitled to great weight on appeal. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996). Consistent with this rule, findings of a trial court regarding questions of fact are entitled to a presumption of correctness and may not be reversed unless they are contrary to the preponderance of the evidence. *See* T.R.A.P. 13(d). In the instant case, we find that the evidence does not preponderate against the trial court's ruling.

For the reasons set forth above, the ruling of the trial court is affirmed. The costs of

this appeal are taxed one-half each to Thomson and CPI, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)


_____
HIGHERS, J. (Concurs)